IN THE UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF MISSOURI

IN RE:                                              )
                                                    )
BRETT ELLIOTT HAYES,            )    Case No.  19-20941-drd-13
                                                    )
        Debtor.                              )

## MEMORANDUM OPINION

The matter before the Court is the objection of Brett Elliott Hayes ("Debtor") to the proof of claim filed by Jenny Michele Hayes ("Claimant"). Claimant classified her claim (the "Claim") as an unsecured priority claim based on alimony, maintenance or support under § 507(a)(1). The grounds for the Debtor's objection is that the Claim is not a domestic support obligation, and therefore, should be classified as a nonpriority unsecured claim. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that the debt underlying Claimant's proof of claim is not in the nature of a domestic support obligation and thus, the Claim should be allowed as a nonpriority unsecured claim rather than an unsecured priority claim.

## FACTUAL BACKGROUND

Debtor and Claimant were separated from marriage on November 21, 2014, and on November 4, 2015, a Judgment and Decree of Dissolution of Marriage and a Separation and

Property Settlement Agreement were entered by the Circuit Court of Boone County, Missouri (the "Agreement").  The Agreement provided, among other things, that debtor would pay maintenance to claimant in the amount of $3,500 per month for 60 months and then $3,000 per month for 48 months.  Paragraph 4.0, titled Property Division, divided the parties' real and personal property as mutually agreed.  This section also specifically assigned the debts and liabilities, including assigning the debt at issue to Debtor.  The Agreement also provided for child support and custody of the parties' two children, with Debtor to cover 70% of expenses and Claimant to cover 30%.  Debtor was also ordered to pay $1,100 per month in child support, reducing the presumed Form 14 amount of $1,182 by $82 per month.

Debtor filed Chapter 13 bankruptcy on October 10, 2019.  Claimant filed a proof of claim on October 29, 2019, asserting a claim in the amount of $10,885, the basis for which was a USSA Visa credit card debt assumed by Debtor in the parties' dissolution decree. Creditor claims that the claim is entitled to priority as a domestic support obligation under §507(a)(1)(A) or (B). She attached a copy of the Decree of Dissolution to her proof of claim and noted that the presumed amount of child support according to Form 14 that the circuit court uses to compute child support was not followed and argued that the agreement was "truly bargained for and assumed by the debtor as being in the nature of alimony and support, along with the court ordered child support and maintenance described in the Decree."  She also argued that Debtor agreed that the debt would not be entitled to discharge if such discharge would result in the other party being required to pay the debt.

Debtor filed an objection to the Claim and denied that the Claim is a domestic support obligation but rather it should be treated as an obligation under a divorce decree under

§523(a)(15). The Court held an evidentiary hearing by telephone on April 16, 2020. Both Debtor and Claimant testified.

## LEGAL ANALYSIS

Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Thus, if a procedurally proper claim is filed, an objecting party carries the burden of going forward with evidence contesting the validity or amount of the claim. *Phyllis Michele Dove–Nation v. eCast Settlement Corp.,* 318 B.R. 147, 152 (8th Cir. B.A.P. 2004); *In re Holm,* 931 F.2d 620, 623 (9th Cir. 1991).

Once the objecting party succeeds in overcoming the prima facie effect given to the claim by Rule 3001(f), the burden shifts to the claimant to prove the validity of the claim by a preponderance of the evidence. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173–74 (3rd Cir.1992); *In re Lepley*, 2007 WL 2669128, at *2 (Bankr. W.D. Mo. 2007).

The party challenging the label of the award in the divorce decree has the burden of proving that the court issuing the divorce decree intended something other than what the decree stated. *In re Kennard,* 259 B.R. 146, 150 (Bankr. W.D. Mo. 2001). As the party seeking priority, Ms. Hayes has the burden of persuading this Court that her obligation meets the requirements of §101(14A). *In re Harford Sands Inc.,* 372 F.3d 637, 640 (4th Cir. 2004) (finding that the claimant bears the burden to proof as to validity and amount of the claim once the debtor has rebutted the presumption).

Section 507(a)(1)(A) of the Bankruptcy Code provides that allowed unsecured claims for domestic support obligations owed to a former spouse as of the petition date are entitled to first

priority. The question before the Court is whether Ms. Hayes's claim is for a domestic support obligation.

The Bankruptcy Code defines a domestic support obligation as a debt that is owed to or recoverable by a former spouse in the nature of alimony, maintenance, or support of such former spouse, established by agreement or order, and that has not been assigned to a nongovernmental entity. 11 U.S.C. § 101(14A). An obligation must satisfy the requirements of §101(14A) to be given priority treatment as a domestic support obligation. *See In re Cooke,* 455 B.R. 503, 505 (Bankr. W.D. Va. 2011).

Here, the critical determination is whether the Debtor's obligation to Claimant is "in the nature of alimony, maintenance, or support" and, accordingly, a domestic support obligation entitled to priority. Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. *See In re Williams,* 703 F.2d 1055, 1056 (8th Cir. 1983). Under bankruptcy law, the intent of the parties at the time the agreement is executed and the function the payment serves will determine whether a debt under that agreement is in the nature of alimony, maintenance, or support. *Alticor, Inc. v. Grissum,* 198 S.W.3d 629, 633 (Mo. App. S.D.2006). *See also In re Ellis,* 149 B.R. 925, 927 (Bankr. E.D. Mo. 1993)(courts must look to the function an award was intended to serve).

The "intent and function" test is an examination of the totality of the circumstances at the time the award was made, considering three main factors: (1) the language and substance of the agreement, (2) the parties' relative financial circumstances at the time of dissolution, and (3) the degree to which the obligation enables the recipient to maintain daily necessities. *Alticor, Inc. v. Grissum,* 198 S.W.3d at 633–34.

These three factors are nonexclusive, however—courts are free to consider all relevant evidence, direct or circumstantial, that sheds light on the subject. *Id.* at 634 (citing *In re Burton,* 242 B.R. 674, 679 (Bankr. W.D. Mo. 1999)); *In re Brody,* 3 F.3d 35, 38 (2nd Cir. 1993)). Such factors include: the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments. *In re Tatge,* 212 B.R. 604, 608 (B.A.P. 8th Cir.1997); *In re Schurman,* 130 B.R. 538, 539 (Bankr. W.D .Mo. 1991)(citing *In re Gianakas,* 917 F.2d 759, 762 (3rd Cir. 1990)).

Traditional indicia of a support award include: (1) a label as such in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits. *In re Sorah,* 163 F.3d 397, 401 (6th Cir. 1998). A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court. *In re Williams,* 703 F.2d at 1057. It is, however, a starting point for the determination of the award's intended function. *See Kennard,* 259 B.R. at 150; s*ee also In re Sorah,* 163 F.3d at 401("A state court's award of alimony is entitled to deference when labeled and structured as such.")(citing *In re Fitzgerald,* 9 F.3d 517, 520 (6th Cir. 1993)); *In re Hamblen,* 233 B.R. 430, 435 (Bankr. W.D. Mo. 1999) (due deference should be given to the parties' or state court's characterization of the award). The structure of the document is often probative of intent. *Id.*

Once Debtor objected to the Claim and presented the language of the Dissolution Decree and the Agreement as evidence, he overcame the prima facie effect of the claim's validity as classified. The burden then shifted to the Claimant to prove by a preponderance of the evidence

that the debt was in the nature of alimony, maintenance or support. She has failed to meet that burden.

The substantial disparity in the incomes of the parties, the fact that the payment is a periodic one rather than a lump sum and the fact that they payments go directly to the claimant rather than to a third-party tend to support a finding of a priority claim.  However, those are all countered and outweighed by a number of other factors.  While there was substantial disparity in the income of the parties at the time of the dissolution, that was dealt with in a variety of ways in the dissolution decree, including the fact that an award of maintenance was made, the decree makes a lopsided allocation of the responsibility for health and education costs of the children and effects an uneven distribution of the property.  In adding up the values, the Court believes that Claimant received approximately $50,000 more in value than did Debtor.  While the payment is a periodic one, it is not subject to termination upon the occurrence of a condition like death or remarriage as the maintenance payments are.  This is usually an indication that the award is not intended as support.   Although the payment in made directly to Claimant, it is a debt assumption, which looks more like a division of property.  It is not labeled as maintenance or support in the decree.  Indeed, as the Court noted during the hearing, the provision dividing the responsibility for the debts is in the property division portion of the divorce decree.

Claimant's principal argument is that it was a bargained for exchange, pursuant to which she took less child support in order to obtain the assumption of debt.  The Court doesn't believe the testimony supports that contention.  First, there is no express linkage between the reduced child support and the debt assumption. Second, the amounts don't match.  The reduction in child support from the formula is only $82 a month, while the minimum payment on this debt alone is $200-$300 a month according to Claimant's testimony.  This was only one of several debts

assigned to Debtor.  The status of the others is not clear.  Finally, Claimant's testimony does not support the assertion.  She did not testify clearly that there was a precise quid pro quo involving the debt assumption and the reduction in child support.  She testified only that everything she received under the order was part of a package to provide her with support.  She did not testify that she could not subsist without the payments.

Claimant also argued that paragraph 4.5 of the agreement supported her contention that the award was intended as support.  That paragraph provides that any party may not discharge an assumed debt if the result would be to require the other party to pay the debt.  As counsel for the Debtor pointed out, however, this provision is reciprocal.  Since it applies to both parties it cannot be used as a basis for an inference that the debt assumptions were intended as support.  It would suggest that both parties needed support which is not logical.

CONCLUSION

After examining the evidence before it, the Court finds that the debt underlying Claimant's proof of claim is not in the nature of a domestic support obligation and thus, the Claim should be allowed as a nonpriority unsecured claim rather than an unsecured priority claim. Based on all of the factors the Court has discussed, it is

ORDERED that Debtor's objection to the claim is sustained.

Dated:  May 21, 2020                           /s/ Dennis R. Dow
                                              THE HONORABLE DENNIS R. DOW
                                              UNITED STATES BANKRUPTCY JUDGE